**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUSTEES OF THE NEW JERSEY B.A.C. HEALTH FUND, et al., | 1:16-cv-09060-NLH-JS |
| Plaintiffs, | **MEMORANDUM** |
| v. | **OPINION & ORDER** |
| APG INTERNATIONAL, INC., | |
| Defendant. | |

**APPEARANCES**:

NICOLE MARIE MARIMON
VIRGINIA & AMBINDER LLP
40 BROAD STREET
7TH FLOOR
NEW YORK, NY 10004
    On behalf of Plaintiffs

**HILLMAN, District Judge**

WHEREAS, pending before the Court is the motion of Trustees of the New Jersey B.A.C. Health Fund, Trustees of the B.A.C. Local 5 Pension Fund, Trustees of the New Jersey BM&P Apprentice and Education Fund ("Local Funds"), Trustees of the Bricklayers & Trowel Trades International Pension Fund, Trustees of the International Masonry Institute ("International Funds," together with the Local Funds,, the "Funds") and Richard Tolson, as Administrator of B.A.C. Administrative District Council of New Jersey (the "Union", together with the Funds, the "Plaintiffs"), for default judgment against APG International, Inc. ("APG"), for unpaid contributions, contractual liquidated damages,

statutory interest and attorneys' fees and costs incurred by Plaintiffs pursuant to 29 U.S.C. §§ 185(a) and 1132(g)(2); and

WHEREAS, Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. § 1145, provides that "[e]very Employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with . . . such agreement"; and

WHEREAS, Plaintiffs claim that Defendant has failed to pay contributions in the amount of $5,304.88 to the Fund for covered work on the Hudson Lights Project from August 1, 2016 through August 12, 2016, and Defendant has failed to remit $586.16 in required dues check-offs, totaling $5,891.04; and

WHEREAS, Plaintiffs further claim that under the parties' agreements, Plaintiffs are owed: calculated interest at the prescribed rate of 10% per annum from the date that each contribution was due to the Local Benefit Funds up to April 3, 2017, which yielded the amount of $264.12; interest calculated at the prescribed rate of 15% per annum from the date that each contribution was due to the Bricklayers & Trowel Trades International Pension Fund up to April 3, 2017, which yielded the amount of $42.50; twenty percent of the principal amount due in liquidated damages, which amounts to $1,060.98; $2,928.00 in attorneys' fees; and $475.90 in costs; and

WHEREAS, Defendant was served with Plaintiffs' complaint on December 14, 2016; but

WHEREAS, Defendant failed to file an answer or otherwise appear, and on April 7, 2017, the Clerk granted Plaintiffs' request for the entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a); and

WHEREAS, because Defendant still has not appeared in this action, Plaintiffs have filed the instant motion for default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b); and

WHEREAS, although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel, 558 F. Supp. 2d at 535 (citation omitted); and

WHEREAS, the decision to enter a default judgment is left to the Court's discretion, but "'in exercising its discretion, the trial court must consider three factors: 1) whether the plaintiff will be prejudiced if the default is lifted; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable

3

misconduct.'" International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund v. N. Abbonizio Contractors, Inc., 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984)); and

WHEREAS, with regard to the second two factors, the Court finds that because Defendant was properly served but has failed to appear in this action, it is unknown whether Defendant has a meritorious defense to Plaintiffs' claims, and the inference is that Defendant's default was the result of its own culpable misconduct; and

WHEREAS, with regard to the first factor, the Court finds that Plaintiffs will be prejudiced if default judgment is not entered against Defendant, because under ERISA, a plan is still required to pay benefits to participants regardless of whether an employer makes its contributions to the plan, and "[i]f the plan at issue is part of a multi-employer contribution system, as here, any delinquent contributions owed by a covered employer impairs the plan's ability to pay both the beneficiaries of the delinquent employer as well as employees of companies who have made their contributions." Id. (citing 29 C.F.R. § 2530.200b–2) (other citation omitted); and

WHEREAS, if an employer fails to make the contributions as required by the collective bargaining agreement and Section 515,

then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), which provides for the mandatory award of the following if a judgment under Section 515 is entered in the Fund's favor:

    (A)  the unpaid contributions,

    (B)  interest on the unpaid contributions,

    (C)  an amount equal to the greater of:

        (i)  interest on the unpaid contributions; or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),

    (D)  reasonable attorney's fees and costs of the action, to be paid by the Defendant, and

    (E)  such other legal or equitable relief as the court deems appropriate; and

WHEREAS, the Court finds that Plaintiffs have provided competent documentation to support their demand under 29 U.S.C. §§ 185(a) and 1132(g)(2) for unpaid contributions, contractual liquidated damages, statutory interest and attorneys' fees and costs;

THEREFORE,

IT IS on this \_\_\_\_23RD\_\_\_\_ day of \_\_October\_\_, 2017

ORDERED that Plaintiffs' Motion for Default Judgment [11] be, and the same hereby is, GRANTED. An Order of Judgment will be entered separately.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.